Argued and submitted October 31, 1983, reversed and remanded with instructions
March 21, 1984

In the Matter of the Compensation of
Dixie Fitzpatrick, Claimant.

FITZPATRICK,
*Petitioner,*

*v.*

FREIGHTLINER CORPORATION,
*Respondent.*

(81-06326; CA A27129)

678 P2d 771

Janet A. Metcalf, Portland, argued the cause for petitioner. With her on the brief were English & Metcalf, Portland, and Douglas S. Green and Welch, Bruun & Green, Portland.

Scott M. Kelley, Portland, argued the cause for respondent. With him on the brief was Cheney & Kelley, P.C., Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

### BUTTLER, P. J.

Claimant appeals an order of the Board which upheld employer's denial of payment of $738 in medical bills. We find the medical treatment to be compensable and reverse.

■ Claimant was found to be permanently and totally disabled by a previous decision of this court for disabilities of her left hand, thorax, right hand, right shoulder, back and colon. *Fitzpatrick v. Freightliner,* 62 Or App 762, 662 P2d 8, *rev den* 295 Or 297 (1983). She also suffers from a low-back injury for which employer has been found not responsible.

The medical treatment at issue was rendered by Dr. Setera, a chiropractor, who administered a variety of treatments to claimant's arms, right shoulder, upper, mid-and low-back. He testified that those treatments were for "the entire organism" and that he could not "differentiate or separate" treatment for claimant's compensable conditions from that administered for her non-compensable low-back problem. He never treated her low back only. That Dr. Setera may have, in the course of a unified treatment of claimant, benefitted her low-back condition by using procedures that are inseparable from those that benefitted her compensable conditions does not render the entire treatment non-compensable.

■ The Board erred in holding that employer was not responsible for payment of Dr. Setera's medical bill. Claimant is entitled to a penalty and attorney fees for employer's unreasonable resistance to payment of the medical bill, ORS 656.382(1), as well as an attorney fee for prevailing on a denied claim. 656.386(1).

Reversed and remanded with instructions to order acceptance of the claim and for determination of penalties and attorney fees.